USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

FREDERICK WALKER,

             Petitioner,

    - against -

WILLIAM PHILLIPS,

             Respondent.

------------------------------------x

03 Civ. 1210 (TPG)

**OPINION**

State prisoner Frederick Walker brings this habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, to challenge his state court conviction. He alleges that an evidentiary ruling allowing admission of prior crimes evidence deprived him of his due process right to a fair trial. Because admission of this evidence was not contrary to established federal law, the petition is dismissed.

Facts

On November 20, 2000, petitioner was convicted after a jury trial of murder in the second degree. At the trial, the prosecution presented evidence that on July 11, 1999, petitioner killed his ex-girlfriend, Kersandra Brown, with a kitchen knife in the elevator of her father's building. The alleged motive for the stabbing was that he was jealous that she was seeing another man and was angry about their recent

break-up. Petitioner turned himself in the next day in Newark, New Jersey, where the victim's car was found. Petitioner was wearing a woman's track suit – identified by the victim's brother as belonging to the victim – and his fingerprint was found in the victim's car. The victim's blood was also found on the bottom of petitioner's sandals, and the tread of these sandals matched footprints at the crime scene. Petitioner submitted statements confessing the crime, but these statements had been given without Miranda warnings and were not introduced as evidence.

The prosecution sought to introduce evidence at the trial that petitioner had stabbed two previous ex-girlfriends with kitchen knives, once in 1986 and once in 1995. As to the 1986 crime, the prosecution asserted that appellant stabbed an ex-girlfriend with a kitchen knife a week to ten days after she broke up with him, allegedly after she had attended a party with another man. As a result, petitioner was convicted of assault in the first degree and sentenced to five years in prison. As to the 1995 crime, the prosecution asserted that petitioner stabbed a different ex-girlfriend outside the location where she was staying with a new boyfriend. Petitioner allegedly accosted her as she was returning from work, began yelling about her new boyfriend, and stabbed her several times with a steak knife. For this offense, petitioner was convicted of aggravated assault and sentenced to five years in prison.

The prosecution argued that these previous stabbings were relevant to establish identity, intent, motive, and common scheme or plan. In part, the prosecution alleged that this evidence demonstrated a "unique modus operandi" and argued it was necessary because there were no eyewitnesses. The prosecution also argued that it was important to establish motive so that the jury would not be "left to speculate about why defendant would commit such a heinous crime against someone he supposedly loved."

In response, defense counsel argued, among other things, that the prejudicial effect of this evidence outweighed its probative value, and that the other convictions were not necessary to establish identity because the prosecution already had ample evidence that petitioner committed the crime, including the deceased's blood in petitioner's shoes, petitioner's bloody footprints recovered at the crime scene, petitioner's fingerprint found in Brown's car, a witness who saw someone running from the apartment building matching petitioner's description, and the facts that petitioner was the last person seen with the deceased and that he turned himself in wearing the deceased's clothing. Defense counsel also argued that there was no unique modus operandi that would justify admission, contending that unlike the prior incidents, this incident did not occur near the decedent's home, there was no suggestion that she had been previously threatened, and that "there is nothing particular about the method of any of these stabbings to indicate that they are of

such a unique character as to be probative of an unmistakable identity." Finally, defense counsel argued that because the prosecution was not required to prove motive as an element of the offense, the need for this evidence was slight.

The court ruled for the prosecution, concluding that the probative value of this evidence outweighed any prejudicial effect. The court held that the prosecution could elicit the characteristics of the previous crimes that were similar: (1) use of a kitchen knife; (2) that the victim was an ex-girlfriend; (3) that the attack was motivated by jealousy over another man; and (4) that the attack occurred in the home of either the victim or the victim's relative.

The trial began on November 8, 2000. After testimony from one of the ex-girlfriends concerning her stabbing, the state court judge gave the following limiting instruction:

> The testimony that you've heard from this witness may be considered solely for the following purposes. You may consider this evidence in your determination of whether the People have proven, beyond a reasonable doubt, the identity of this defendant, Mr. Walker, as the person who killed Kersandra Brown.
>
> Although the People are not required to prove that this defendant had a motive to kill Kersandra Brown, you may nonetheless consider this evidence you've just heard in determining whether the evidence demonstrates that the defendant did have a motive to kill the deceased.
>
> However, the evidence referred to may not be considered by you as evidence that the defendant had a propensity or inclination to commit any crimes.

Following the testimony of the second ex-girlfriend about the other prior stabbing, the judge stated:

> As I previously instructed you, and I instruct you again, the sole purpose of this testimony for which you may consider it is that you may consider it in regard to your determination of whether the prosecution has proved, beyond a reasonable doubt, the identity of Frederick Walker as the person who killed Kersandra Brown. However, you may not in any way consider this as evidence that petitioner has, or had, any propensity of inclination to commit crimes.

The jury convicted petitioner of intentional murder and acquitted him of depraved indifference murder on November 20, 2000. On December 7, 2000, petitioner was sentenced to 25 years to life.

Petitioner appealed his conviction, challenging specifically the evidentiary ruling allowing limited evidence of the two prior attacks. The First Department affirmed the judgment, holding that the lower court:

> properly exercised its discretion in admitting, on the issues of identity and motive, evidence of defendant's prior stabbings of his ex-girlfriends under circumstances that were similar to those of the instant crime and that made it probable that defendant committed all three crimes. Any prejudicial effect was minimized by the court's repeated limiting instructions, which the jury is presumed to have followed. People v. Walker, 293 A.D.2d 411, 740 N.Y.S.2d 852 (N.Y. App. Div. 1st Dep't 2002).

The New York Court of Appeals denied petitioner's further appeal. People v. Walker, 98 N.Y.2d 682, 774 N.E.2d 237, 746 N.Y.S.2d 472 (N.Y. 2002).

Petitioner then brought this petition, asserting that the trial court's evidentiary ruling "was highly prejudicial and served to virtually insure petitioner's conviction."

## Discussion

When examining a habeas corpus petition, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to any judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Petitioner asserts that his constitutional right to due process was violated because the state court's ruling allowing evidence of the two prior stabbings was "unduly prejudicial." The Appellate Division, First Department determined that the lower court properly exercised its discretion in admitting this evidence, and that any prejudicial effect was minimized by the limiting instructions. Because this determination was

neither contrary to, nor an unreasonable application of, clearly established federal law, the petition must be denied.

In general, state court evidentiary rulings implicate only state law, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68. Thus, a petitioner alleging his due process rights were violated because certain evidence was admitted is not entitled to relief unless he can show that the evidence admitted was "so extremely unfair that its admission violates fundamental conceptions of justice." Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir.1998). If the petitioner is able to show that the ruling was erroneous on this basis, petitioner must then show that the erroneously admitted evidence was "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." Collins v. Scully, 755 F.2d 16, 19 (2d Cir. 1985).

Under New York law, while evidence of prior crimes not charged in the indictment is inadmissible to show propensity to commit crimes, People v. Alvino, 71 N.Y.2d 233, 519 N.E.2d 808, 525 N.Y.S.2d 7 (N.Y.1987), it is admissible for the purpose of showing motive, intent, the absence of mistake or accident, a common scheme or plan, or identity, People v. Molineux, 168 N.Y. 264, 61 N.E. 286 (N.Y. 1901). Once the trial court has determined that the evidence is relevant for one or more of

these purposes, the court must then determine whether the probative value of this evidence exceeds any potential for prejudice. Id.

In the instant matter, petitioner has not demonstrated that the evidence was erroneously admitted under New York state law. The state court determined that evidence of the prior stabbings was relevant for both identity and motive because the prior crimes shared important alleged similarities with the stabbing at issue – namely, each victim was stabbed with a kitchen knife, each victim was an ex-girlfriend of defendant who had recently broken up with him, and the motive for each of the stabbings was jealousy over another man. Thus, it is clear that the state court admitted the evidence for lawful reasons, rather than for the improper purpose of showing propensity.

Next, the court properly used its discretionary power to determine that this evidence was more probative than prejudicial, and in full accordance with state law, gave two clear limiting instructions that this evidence was not to be used by the jury for the purpose of determining propensity to commit crimes. Thus, the Court holds that the state court's decision was not made erroneously.

Further, it should be noted that like the New York state courts, federal trial courts have broad discretion to admit "prior crimes evidence" under Federal Rule of Evidence 404(b). Rule 404(b) states in part that evidence of other crimes, wrongs or acts may be admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

absence of mistake or accident." The Second Circuit has specifically stated:

> This court follows the "inclusionary" approach to "other crimes, wrongs, or acts" evidence, under which such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed. R. Evid. 403 or not relevant under Fed. R. Evid. 402. The trial court's decision to admit such evidence will be reversed only for a clear abuse of discretion.'
> United States v. Pascarella, 84 F.3d 61, 69 (2d Cir. 1996).

The resemblance between the New York rule and the federal rule lends further support to the position that the state court's evidentiary ruling was fully in accordance with federal law.

Perhaps most importantly, the United States Supreme Court has stated clearly that it has not yet determined whether admission of prior crimes can ever rise to a violation of due process, even if admitted solely to show propensity. See Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991). Thus, the state court's ruling could not have resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Finally, the evidence presented by the prosecution – even without the "prior crimes" evidence – would have been sufficient to convince a jury beyond a reasonable doubt that petitioner stabbed and killed the decedent. Thus, the "prior crimes" evidence was not "sufficiently

material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it."

## Conclusion

For the above reasons, petitioner's claim does not rise to the level of a constitutional claim and the petition is dismissed.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

Dated: New York, New York
August 15, 2008

SO ORDERED

Thomas P. Griesa
U.S.D.J.